UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Benevolent and Protective Order of Elks of the United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Swiss Re Corporate Solutions Elite Insurance Corporation,<br><br>                    Defendants. | 25-CV-516 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

On January 17, 2025, Plaintiff filed this action in federal court—the United States District Court for the Southern District of New York. ECF No. 1. Three months later, on March 17, 2025, Defendant filed a Motion to Dismiss. ECF No. 13. In its Motion, Defendant argues that "mandatory and enforceable" language in a contract between the parties "plainly and unambiguously requires that 'the parties . . . irrevocably submit to the exclusive jurisdiction of the Court of the State of New York,'" meaning that any contract dispute lawsuit needed to be filed in New York *State* court rather than a federal district court in New York. *Id.* at 4; *see also id.* at 4-9 (describing cases in this District where contractual language similar to that at issue here was interpreted to refer exclusively to New York State courts, not state or federal courts in New York). Thus, Defendant claims, "Plaintiff has filed this action in the wrong court and, therefore the Complaint should be dismissed with prejudice." *Id.* at 2.

Plaintiff's Opposition to the Motion to Dismiss was due on March 31, 2025. When Plaintiff did not file any Opposition, Magistrate Judge Figueredo *sua sponte* extended Plaintiff's deadline to April 4, 2025. ECF No. 19. On April 4, 2025, Plaintiff filed a "Motion to Remand to State Court or, in the Alternative, Motion to Dismiss Without Prejudice to Commence Suit in State

Court." ECF No. 20. In its Motion, Plaintiff agrees that this case should proceed in state court, stating "Plaintiff is requesting this matter be remanded to State Court in an effort to preserve this claim and this suit, as well as to appease Defendant as their Motion to Dismiss provides no further objection to Plaintiff's Complaint outside of jurisdiction." *Id.* at 3. Plaintiff also argues that, because dismissal for improper venue is not an adjudication on the merits, dismissal should be without prejudice. *See id.* at 3-4.

The parties agree that, per the terms of their contract, federal court is not the proper venue for this case. Both acknowledge that this case should be heard in a New York State court. This Court concurs. But because Plaintiff did not originally file this action in state court, this Court cannot "remand the matter to the New York Supreme Court" as Plaintiff requests. *Id.* at 3; *see also, e.g.*, *Schiffman v. Epstein*, No. 04 Civ. 2661, 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009) ("The power of a federal district court to remand a case to state court . . . is limited to instances where an action is commenced in state court and subsequently removed to federal court; the authority to remand implies that the federal district court can return or send a case back to where it was originally commenced."). Therefore, the sole issue before the Court is whether this case should be dismissed with or without prejudice.

A common-sense reading of the parties' Motions reveals that, despite their language, they are not mutually exclusive. Put differently, it is possible—and prudent—to dismiss this case with prejudice to refiling in this District but without prejudice to Plaintiff refiling this case in New York State court. *Cf. Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum."). This option achieves both parties' aims and allows litigation to proceed in the proper venue per the terms of the parties' contract.

Therefore, Defendant's Motion to Dismiss is GRANTED IN PART and Plaintiff's Motion to Dismiss is GRANTED IN PART.  This case is DISMISSED WITH PREJUDICE to refiling in any of New York's federal courts.  However, this case is DISMISSED WITHOUTH PREJUDICE insofar as Plaintiff may refile this case in New York State court within fourteen days of this Order.

The Clerk of Court is respectfully directed to terminate ECF Nos. 13 & 20.  The Clerk of Court is also respectfully directed to close this Case.


SO ORDERED.

Dated:  April 7, 2025
        New York, New York

_____
DALE E. HO
United States District Judge